IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| LESHINSKY,<br><br>        Plaintiff,<br><br>v.<br><br>UTAH OFFICE OF RECOVERY SERVICES,<br><br>        Defendant. | **REPORT AND RECOMMENDATION**<br><br>Case No. 2:23-cv-00095-CMR<br><br>Magistrate Judge Cecilia M. Romero |

On February 10, 2023, pro se Plaintiff Matthew Leshinsky was granted in forma pauperis status (ECF 4), and his Complaint against the Utah Office of Recovery Services (ORS) was filed on the same date (ECF 5). The case is before the court on sua sponte review under 28 U.S.C. § 1915 and DUCivR 3-2(b).

### I.   LEGAL STANDARDS

When a party proceeds pro se, the district court construes the pleadings liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* The court will not, however, "assume the role of advocate for the pro se litigant." *Id.* Moreover, pro se status "does not excuse the obligation of any litigant to comply with the fundamental requirements of the

Federal Rules of Civil and Appellate Procedure." *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

Notwithstanding, "the court shall dismiss the case at any time if the court determines that . . . the action. . . fails to state a claim upon which relief can be granted" or the court lacks jurisdiction. 28 U.S.C. § 1915(e)(2)(B)(ii); *see also* Fed. R. Civ. P. 12(h)(3). Under Local Rule 3-2(b), a magistrate judge may recommend dismissal if the court lacks jurisdiction. *See* DUCivR 3-2(b)(1)(B). Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To plead a claim in compliance with this rule, a party must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Alleged facts must "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Claims have facial plausibility when the pleader provides sufficient factual content to allow a "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## II. DISCUSSION

Here, construing the allegations in his Complaint liberally, it appears Mr. Leshinsky is subject to income withholding by ORS under Utah law and Colorado law (*See* ECF 5 at 4). Mr. Leshinsky asks for a restraining order "prohibiting ORS to have any actions against [him]" and would like to be awarded damages stemming from ORS's income withholding (*See id.* at 5). Mr. Leshinsky claims "[t]here is no civil action in Utah that allows [ORS] to take what they want to take" and "there was no request for ORS to open a case from any family" (*id.* at 4). Contrary to

Mr. Leshinsky's assertions, a child support order enforcement action is currently pending against him in the Third District Court in Salt Lake County entitled *State v. Leshinsky*, No. 214903253.[1]

Though Mr. Leshinsky seeks to modify or cancel a child support order, "it is well established that federal courts lack jurisdiction over the whole subject of the domestic relations of husband and wife, and parent and child." *Gordon v. Respondent*, No. 07-3032-SAC, 2007 WL 628205, at *1 (D. Kan. Feb. 28, 2007) (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). This rule—known as the "domestic-relations exception"—means that "a federal court cannot 'reopen, reissue, correct, or modify' an order in a domestic-relations case." *Alfaro v. Cty. of Arapahoe*, 766 F. App'x 657, 659 (10th Cir. 2019) (quoting *Leathers v. Leathers*, 856 F.3d 729, 756 (10th Cir. 2017)). Here, Mr. Leshinsky's Complaint—seeking a restraining order against ORS—is essentially a request to "undo" a state child support order. Therefore, the relief Mr. Leshinsky is seeking is, at least in large part, that the court invalidate a child support order entered by a state court, which is essentially a request to modify that order. This court has routinely dismissed claims against ORS for lack of jurisdiction.[2] The court thus lacks jurisdiction to issue the relief requested by Mr. Leshinsky against ORS.

---

[1] The court finds that the proceedings in *State v. Leshinsky* directly relate to the case at hand and therefore takes judicial notice of the filings in this case. *See Garcia-Rodriguez v. Gomm*, 169 F. Supp. 3d 1221, 1227 (D. Utah 2016) ("[A]lthough not obliged to do so, a court in its discretion may 'take judicial notice of publicly-filed records in [federal] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand.'" (quoting *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007))).

[2] *See e.g.*, *Bey v. Utah*, No. 219CV00650JNPCMR, 2020 WL 5634355, at *1 (D. Utah Apr. 9, 2020), *report and recommendation adopted in part,* No. 219CV00650JNPCMR, 2020 WL 5634352 (D. Utah Sept. 21, 2020); *Thompson v. Utah*, No. 2:18-CV-00307-DB-PMW, 2019 WL 1318191, at *1 (D. Utah Feb. 27, 2019), *report and recommendation adopted,* No. 2:18-CV-307, 2019 WL 1316806 (D. Utah Mar. 22, 2019); *Erickson v. Bradley*, No. 1:19-CV-116 TS, 2019 WL 6498175, at *2 (D. Utah Dec. 3, 2019).

## RECOMMENDATION

For the reasons stated above, the court lacks jurisdiction over Mr. Leshinsky's claims, and therefore, this action should be dismissed under 28 U.S.C. § 1915(e), Fed. R. Civ. P. 12, and DUCivR 3-2. Based on a review of the Complaint, the undersigned hereby **RECOMMENDS** that the court **DISMISS** this action without prejudice.

## NOTICE

A copy of the foregoing Report and Recommendation is sent to Mr. Leshinsky who is hereby notified of her right to object. Within **14 days** of being served with a copy, Plaintiff may serve and file a written objection. *See* Fed. R. Civ. P. 72(b)(2). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 11 October 2023.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah